# A2

## STATE OF MICHIGAN
## IN THE 8-1st JUDICIAL DISTRICT COURT

**WILLIAM MOORE,**

       **Plaintiff,**

-vs-                                 Case No. 09-    -GC
                                            HON.

**LAW OFFICE OF CURTIS O. BARNES, PC,**

       **Defendant.**
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (P 48617)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **WILLIAM MOORE,** (Plaintiff) by and through counsel, brings this action against the above listed Defendant, **LAW OFFICE OF CURTIS O. BARNES, PC,** (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages, punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of the City of Kalamazoo, Kalamazoo County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector located in the State of California, with the actions in this case taking place in the City of Kalamazoo, Kalamazoo County, Michigan.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d). The court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to any federal law claims under 28 U.S.C. § 1367.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Michigan Collection Practices Act (MCPA), MCLA 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. MCLA 445.251 (1)(b).

14.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 445.251 (1)(d).

15.

Prohibited acts by debt collectors or collection agencies under MCLA 445.252 include:

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau.

(b) Using forms or instruments which simulate the appearance of judicial process.

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt.

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

　　(i) The legal status of a legal action being taken or threatened.

　　(ii) The legal rights of the creditor or debtor.

　　(iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

(i) Communicating information relating to a debtor's indebtedness to an employer or an employer's agent unless the communication is specifically authorized in writing by t he debtor subsequent to the forwarding of the claim for collection, the communication is in response to an inquiry initiated by the debtor's employer or the employer's agent, or the communication is for the purpose of acquiring location information about the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

(s) Employing a person required to be licensed under article 9 of Act No. 299 of the Public Acts of 1980, being sections 339.901 to 339.916 of the Michigan Compiled Laws, to collect a claim unless that person is licensed under article 9 of Act No. 299 of the Public Acts of 1980.

(n) Using a harassing, oppressive, or abusive method to collect a debt.

16.

Under The Michigan Collection Practices Act, MCLA 445.257 et seq.(1) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief.(2) In an action brought pursuant to subsection (1), if the court finds for the petitioner, recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

## V. FACTUAL ALLEGATIONS

17.

Plaintiff is receiving numerous calls from Defendant in regards to the collection of an alleged debt.

18.

This alleged debt derives from an Art Van debt in the amount of $4,129.79. The phone number in which Defendant is repeatedly calling Plaintiff from is 866-477-8222.

19.

Defendant has called Plaintiff on his cell phone several times, even after Plaintiff has repeatedly asked Defendant to stop calling.

20.

Defendant has even called Plaintiff on his work phone in an attempt to collet on this alleged debt.

21.

On February 16, 2009, Plaintiff returned Defendant's phone call that they placed at Plaintiff's work and advised Defendant to stop calling him at work.

22.

Upon hanging up with Defendant and within ten seconds, "Tim," Defendant's representative, called Plaintiff's cell phone while Plaintiff was at work and stated, "Wow, the magic of caller id," and then proceeded to hang up on Plaintiff.

23.

In another conversation with Plaintiff, "Tim" yelled to Plaintiff: "You have forty-eight hours to pay! Take care of this matter! Good luck!" **Please see attached Exhibit No. 1.**

24.

"Tim" has also yelled at Plaintiff: "I'm going to continue to call your cell phone until this issue is taken care of!" **Please see attached Exhibit No. 1.**

25.

In one conversation with Defendant, Plaintiff told "Tim" that he was being represented by an attorney and gave him his attorney's name and number. "Tim" still continued to call Plaintiff after Plaintiff gave his attorney's information to him.

26.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and MCPA. **Please see attached Exhibit No. 2.**

27.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

28.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 22 and 23.**

29.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 17, 19, 20, 21, 22, 23, 24 and 25.**

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 17, 19, 22, 24 and 25.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 17, 19, 20, 21, 22, 23, 24 and 25..**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraph 23.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 22, 23 and 24.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraph 23.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see Paragraphs 20, 21, and 22.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment. **Please see Paragraph 20.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(2) by communicating with the consumer when the debt collector knows the consumer is represented by an attorney. **Please see Paragraph 25.**

38.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

39.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

### CLAIM AGAINST DEFENDANT UNDER THE MCPA AND THE MICHIGAN OCCUPATIONAL CODE

40.

Defendant has violated MCLA 445.252 (a) with the use of false representations and deceptive means in its contact of Plaintiff. **Please see Paragraph 23.**

41.

Defendant has violated MCLA 445.252(n) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 17, 19, 20, 21, 22, 23, 24 and 25..**

42.

Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee. **Please see Paragraph 17, 19, 20, 21, 22, 23, 24 and 25.**

43.

Defendant has violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. **Please see Paragraph 23.**

44.

Defendant has violated MCLA 445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened. **Please see Paragraph 23.**

45.

Defendant has violated MCLA 445.252(f)(ii) by misrepresenting the legal rights of the debtor. **Please see Paragraphs 17, 19, 20, 21, 22, 23, 24 and 25.**

46.

Defendant has violated MCLA 445.252 (h) by communicating with a debtor when the debtor is actively represented by an attorney. **Please see Paragraph 25.**

47.

Defendant's foregoing acts in attempting to collect this alleged debt against the Plaintiff constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

a. (n) Using a harassing, oppressive or abusive method to collect a debt.

b. (q) By failing to implement a procedure designed to prevent a violation by an employee.

c. (a) By communicating with a debtor in a misleading or deceptive manner.

d. (e) By making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

e. (f)(i) By misrepresenting the legal status of a legal action being taken or threatened.

f. (f)(ii) By misrepresenting the legal rights of the debtor.

g. (h) By communicating with a debtor when the debtor is actively represented by an attorney

48.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the MCPA and the Michigan Occupational Code.

49.

Under MCLA 445.257 et seq., Plaintiff is eligible for equitable relief, triple damages and his attorney fees and costs. and further statutory damages under the act.

50.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

51.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled less than $25,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages;
3. For attorneys' fees and costs incurred in this action;
4. For Triple Damages under the MCPA, and
5. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 10th day of March, 2009

Respectfully submitted,

_____
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

## AFFIDAVIT OF WILLIAM MOORE

STATE OF MICHIGAN       )

COUNTY OF KALAMAZOO     )

    WILLIAM MOORE being first duly sworn, deposes and says that he is of suitable age and discretion to testify in a Court of law and that he makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1. LAW OFFICE OF CURTIS O BARNES, PC is calling me and harassing me in regards to the collection of an alleged debt.

2. Representatives of the LAW OFFICE OF CURTIS O BARNES, PC have called me on my cell phone several times, even after I repeatedly asked them to stop calling.

3. Representatives of the LAW OFFICE OF CURTIS O BARNES, PC have called me on my work phone.

4. Tim a representative of the LAW OFFICE OF CURTIS O BARNES, PC has been rude and abusive by yelling and screaming at me saying "you have forty-eight hours to pay, take care of this matter, and good luck."

5. Tim a representative of the LAW OFFICE OF CURTIS O BARNES, PC has been rude and abusive by yelling and screaming at me saying "Wow the magic of caller id" and then he hung up on me.

6. Tim a representative of the LAW OFFICE OF CURTIS O BARNES, PC. has been rude and abusive by yelling and screaming at me saying "I'm going to continue to call your cell phone until this issue is taken care of."

Further, Deponent sayeth not.

William Moore

Subscribed and sworn to before me
this 19 day of Feb, 2009.

Notary Public

KEVIN MARTIN INGLSBEE
Notary Public - Michigan
Kalamazoo County
My Commission Expires Aug 18, 2014
Acting in the County of Kalamazoo



## Debt Collection Damages

"Damages" are an element of your case that must be established. This sheet is meant to assist us in assessing what is known as "actual damages." Please be honest in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you will recover for those damages. However, these answers will affect additional damages.

*Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?*

| | |
|---|---|
| Sleeplessness | **Yes** No |
| Fear of answering the telephone | **Yes** No |
| Nervousness | **Yes** No |
| Fear of answering the door | Yes **No** |
| Embarrassment when talking to or seeing friends or family | **Yes** No |
| Depression (sad, anxious, or "empty" moods) | Yes **No** |
| Chest Pain | Yes **No** |
| Feelings of hopelessness, pessimism | **Yes** No |
| Feelings of guilt, worthlessness, helplessness | Yes **No** |
| Appetite and/or weight loss or overeating and weight gain | **Yes** No |
| Thoughts of death or suicide; suicide attempts | Yes **No** |
| Restlessness, irritability | **Yes** No |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | Yes **No** |
| Negative impact on my job | **Yes** No |
| Negative impact on my relationship | Yes **No** |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

_____
_____
_____
_____
_____

I swear, under the penalty of perjury, that the above is true:

William Moore
Print Name Above

*[signature]*
Sign Name Above

Subscribed and sworn to before me this 19 day of Feb, 2009.

*[signature]* Kevin Martin Inglsbee
Notary Public

**KEVIN MARTIN INGLSBEE**
Notary Public - Michigan
Kalamazoo County
My Commission Expires Aug 16, 2014
Acting in the County of Kalamazoo

M:\doin\FORMS\DAMAGES.FORM.IIIIIII.wpd